IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

KENDRA REDD                                                            PLAINTIFF
2908 Rockaway Drive
Louisville, Kentucky 40216

Case No.   3:21-CV-52-DJH
                   _____

v.

Judge_____

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY          DEFENDANTS
d/b/a FED LOAN SERVICING COMPANY
1200 North 7th Street
Harrisburg, Pennsylvania 17102

> SERVE:    Pennsylvania Higher Education Assistance Agency
>           d/b/a Fed Loan Servicing Company
>           Attn: Michael Peifer
>           1200 North 7th Street
>           Harrisburg, Pennsylvania 17102
>           (BY KENTUCKY SECRETARY OF STATE)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

> SERVE:    CSC-Lawyers Incorporating Service Co.
>           421 W. Main Street
>           Frankfort, Kentucky 40601
>           (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Kendra Redd, and for her Verified Complaint against the Defendants,

Pennsylvania Higher Education Assistance Agency d/b/a Fed Loan Servicing Company ("FLSC")

and Equifax Information Services, LLC ("Equifax"), states as follows:

## I. PRELIMINARY STATEMENT

1.     This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes;

FLSC's false reporting to Equifax of an alleged current late status on Plaintiff's zero balance,

transferred student loan and FLCS's impermissible reporting of default history on  of Plaintiff's

zero balance, transferred student loan; and Defendants' failure to correct FLSC's false reporting

on Plaintiff's credit report.

## II. PARTIES

2.     Plaintiff, Kendra Redd, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 2908 Rockaway Drive, Louisville, Kentucky 40216.

3.     Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.     Defendant, FLSC, is a Pennsylvania corporation and is a student loan lender doing

business in the Commonwealth of Kentucky with its principal place of business at 1200 North 7th

Street, Harrisburg, Pennsylvania 17102.

5.     FLSC is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C.

§1681s-2(b) and a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §1692a(6).

6.     Defendant, Equifax, is a corporation organized under the laws of the State of

Georgia and doing business in the Commonwealth of Kentucky with its principal place of business

located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.     Equifax is a "consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.    Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III.  JURISDICTION

9.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV.  FACTUAL BACKGROUND

10.    In or around June 2019, Plaintiff accessed her Equifax credit report and discovered that FLSC was reporting a current late status and default history on Plaintiff's zero balance, transferred FLSC student loan account.

11.    Prior to June 2019, and upon information and belief, the United States Department of Education assigned or otherwise transferred the student loan account to FLSC.

12.    Immediately upon discovering FLSC's false and derogatory tradeline which showed a current late status on Plaintiff's FLCS student loan account, and FLSC's impermissible reporting of the default history, Plaintiff filed a dispute with Equifax regarding the inaccuracy of the FLSC tradeline given the prohibition of derogatory payment history reporting of transferred student loans as set forth in 20 U.S.C. §1078-6(c).

13.    Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified FLSC of the disputes at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

14.    Plaintiff never received the results of her dispute to Equifax. In or around August

2019, however, Plaintiff again accessed her Equifax credit report and discovered that the FLSC tradeline was reporting as it had been reporting prior to her dispute.

15.    Despite Plaintiff's lawful request for removal or amendment of the disputed item pursuant to the FCRA, FLSC and Equifax failed to investigate Plaintiff's dispute and failed to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's credit report.

16.    Upon information and belief, FLSC and Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item or to amend Plaintiff's credit report within a reasonable time following their receipt of Plaintiff's disputes.

17.    The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and to remove or amend the subject FLSC tradeline.  In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – FLSC

18.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19.    FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false and impermissible reporting to Equifax of Plaintiff's FLSC account are violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

20.    FLSC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which FLSC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

4

## Negligent Violation of the Fair Credit Reporting Act – Equifax

21.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite knowledge of the falsity of the disputed item are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23.     Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – FLSC

25.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.     FLSC's failure to investigate Plaintiff's dispute and its initial and continuing false and impermissible reporting to Equifax of the status and default history of Plaintiff's FLSC account, despite FLSC's knowledge of the falsity of its reporting, are willful violations of FLSC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

27.     Given FLSC's knowledge of the falsity of its reporting, FLSC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which FLSC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

28.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.     Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradeline despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30.     Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

31.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kendra Redd, respectfully demands the following:

1.     Trial by jury on all issues so triable;

2.     Judgment against the Defendants for statutory, compensatory, consequential and

punitive damages;

    3.     For attorneys' fees and costs; and,

    4.     Any and all other relief to which Plaintiff may appear to be entitled.


Respectfully submitted,


/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Kendra Redd, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Kendra Redd_

Kendra Redd

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Kendra Redd this **25** day of **January**, 20**21**.

_Rll Rl_

Notary Public _RHONDA ROSBOTTOM_

Commission expires: _March 28, 2022_